Delorn HARMON *v.* STATE of Arkansas

CR 76-78                                    543 S.W. 2d 43

Opinion delivered November 15, 1976
(In Banc)

*Gary R. Cottrell*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of battery in the second degree in violation of Ark. Stat. Ann. § 41-1602 (1) (d) (Criminal Code 1976). His punishment was assessed at three years in the Arkansas Department of Correction. The prosecution of appellant resulted from his driving a car, which left the road, entered a three foot deep roadside ditch and struck a thirteen year old boy who was playing in the ditch. The victim suffered a broken leg, fractured toe, and a bruised heel and pelvis. Appellant first contends that § 41-1602 (1) (d) is unconstitutional. Appellant argues that the provisions of the statute are patently vague and overbroad, resulting in inadequate guidance to the individual whose conduct is sought to be regulated and is insufficient guidance to a jury in their application of the law to the facts before them. We cannot agree.

§ 41-1602 (1) (d) provides:

(1) A person commits battery in the second degree if:
(d) he recklessly causes serious physical injury to another person by means of a deadly weapon.

Appellant argues that the statute "sets no clear standard for the regulation and enforcement of 'reckless' conduct." He reasons that since the severity of the punishment for a battery is controlled by the degree of harm to the individual, an individual cannot know the consequences of his actions in terms of "liability until after the conduct is over and the amount of harm has been established." He further asserts that the statute "is so overbroad in its possible application by a jury, as to deny the defendant fair adjudication and due process. The Statute requires that a jury find that the defendant: 1) was 'reckless,' 2) caused 'serious physical injury,' and 3) used a deadly weapon. This Statute, by its overbroad language, may be wrongly applied, as it was in this case, and unfairly used against individuals." He argues that "[E]very accident is a potential Battery in the Second Degree by the construction of Statute as used here."

The statute involved here does not fit such a broad application. The statute requires, as appellant avers, that a jury find the appellant was reckless, caused serious physical injury and used a deadly weapon. In *Neal v. State,* 259 Ark. 27, 531 S.W. 2d 17 (1975), we applied the standard of specificity as defined in *U.S. v. Petrillo,* 332 U.S. 1 (1946):

The Constitution has erected procedural safeguards to protect against conviction for crime except for violation of law which have clearly defined conduct thereafter to be punished; but the Constitution does not require impossible standards. The language here challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more.

See also *Weston* v. *State,* 258 Ark. 707, 528 S.W. 2d 412 (1975).

In our new Code batteries are scaled in degrees, i.e., first, second and third, with the severity of punishment based

not only on the result of the battery in terms of harm done to the victim, but also on the conjunction of a culpable mental state; i.e., recklessly, negligently, or extreme indifference to the value of human life. See Commentary following § 41-1603. Appellant's argument that only the degree of injury dictates the liability is based on erroneous interpretation of the battery statutes. The new Arkansas Criminal Code provides a detailed definition for each of the required elements of battery in the second degree; i.e., recklessly, serious physical injury and deadly weapon:

> (1) 'Recklessly.' A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. § 41-203 (3)

> (2) 'Serious physical injury' means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. § 41-115 (19)

> (3) 'Deadly weapons' means:
> (a) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious physical injury; or
> (b) anything that in the manner of its use or intended use is capable of causing death or serious physical injury. § 41-115 (a) (b)

These definitions were included in the instructions given to the jury. Obviously, as defined in the Code, "recklessly" involves an awareness and "conscious" disregard of a "substantial and unjustifiable risk" that certain attendant circumstances exist or that prohibited consequences will occur. Further, the disregard of the risk "constitutes a gross deviation from the standard of care" of a reasonable person in appellant's "situation." There must also be "serious physical injury" to the victim by means of a "deadly weapon" to

justify a conviction of a battery in the second degree. The felony liability of second degree battery manifestly would not attach to mere negligent conduct. Cf. *Phillips* v. *State,* 204 Ark. 205, 161 S.W. 2d 747 (1942). It is also pointed out in the Commentary following § 41-1603 that for even the misdemeanor battery statute to apply it requires a showing of negligence greater than that in civil negligence citing § 41-203 (4).

In our view the terminology of § 41-1602 (1) (d) is not vague nor overbroad. The provisions of the statute are of such "common understanding and practice" that it cannot be said that an ordinary individual or juror would have to speculate as to its meaning. *Neal* v. *State, supra.*

Appellant next contends that the trial court erred in overruling appellant's motion for a directed verdict. He argues that the state failed to adduce substantial evidence to sustain all of the elements of battery in the second degree. It is well established that a directed verdict is only proper where there are no factual issues to be determined by the jury and on appeal, the evidence will be reviewed in the light most favorable to the appellee and the judgment will be affirmed if there is any substantial evidence to support it. *Munn* v. *State,* 257 Ark. 1057, 521 S.W. 2d 535 (1975).

Here appellant first asserts that the evidence was insufficient to establish one of the required elements of § 41-1602 (1) (d); i.e., recklessness. We disagree. One witness testified that preceding the accident, he saw appellant's car traveling "pretty fast" in front of his home. The car then returned and he heard screeching of the tires and saw appellant's car hit the victim. The squealing of the tires "sounded like losing control of it, or squealing around a curve." The arresting officer testified that appellant had an unobstructed view of the ditch where the victim was playing. Appellant's car left "quite a few feet" of skid marks on the road. Two other witnesses testified that appellant attempted to remove his car from the three foot ditch when the victim was still underneath the car. Witnesses testified that they smelled alcohol on appellant immediately after the accident and the arresting officer testified that appellant "was in kind of a stupor" at the time of his arrest after he had left the scene. We are of the

view the state adduced ample substantial evidence to sustain the jury's finding on the element of recklessness.

Appellant next asserts that the injuries here are not of such a nature to constitute a serious physical injury as contemplated by the drafters of the Code or battery statute. § 41-115 (19), *supra.* We cannot agree. The victim suffered a broken leg, a fractured toe, bruised heel and pelvis. He was hospitalized for about a month and was in a leg case and traction for two or three weeks during this time. He was walking with crutches at the time of the trial which was about a month and a half after the alleged offense. Even though it be said there is insubstantial evidence that the physical injuries suffered by the victim did not result in or create "a substantial risk of death," we cannot say, as a matter of law, that a fact question did not exist as to whether the victim's injuries constituted a "protracted impairment of the function of any bodily member or organ." Webster's Third New International · Dictionary defines "protract" as "to continue, prolong, lengthen in time." It was for the jury to resolve the issue as to whether the injuries constituted a temporary or protracted impairment.

Appellant next contends that here an automobile is not a deadly weapon within the purview of the battery statute. Therefore, he argues the third element or prerequisite of the statute is not established. Suffice it to say that in the Commentary following § 41-1603 it is stated "under § 115 (4) [definition of a deadly weapon] a 'vehicle' might constitute such a weapon." Certainly, it must be said that there is substantial evidence for the jury's finding that the automobile constituted such a weapon. In accord are *People* v. *Anderson,* 229 Ill. App. 315 (1923); *Williamson* v. *State,* 111 So. 124 (Fla. 1926); *State* v. *Hollis,* 273 P. 2d 459 (Okla. Cr. 1954); and *People* v. *Benson,* 152 N.E. 514 (Ill. 1926).

Appellant next asserts that the trial court erred in refusing to give instructions on assault in the first degree and assault in the second degree. Appellant argues that under Ark. Stat. Ann. § 41-105 (2) (b) and (c) (Criminal Code 1976) he was entitled to his proffered instructions on assault in the first and second degrees as lesser included offenses. The provisions relied upon read:

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

The gist of appellant's argument is that assault is an attempt to commit a battery and the only difference between battery and assault is that "the former requires a reckless 'causing' of a substantial risk of death or serious physical injury and the latter requires a reckless 'creation' of a substantial risk of death or serious physical injury." Ark. Stat. Ann. § 41-1605 (Criminal Code 1976) provides:

(1) a person commits assault in the first degree if he recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person.

(2) Assault in the first degree is a class A misdemeanor.

Ark. Stat. Ann. § 41-1606 (Criminal Code 1976) provides:

(1) A person commits assault in the second degree if he recklessly engages in conduct which creates a substantial risk of physical injury to another person.

(2) Assault in the second degree is a class B misdemeanor.

It is apparent that the assault provisions apply to a situation which creates risk of death or physical injury while a battery and its penalties are directed towards the situation where actual injury is suffered. In the Commentary following § 41-1602, it is succinctly stated:

In some jurisdictions, 'battery' has ceased to exist as a separate offense, its elements having been assimilated into assault provisions. The Commission, however, felt

that assaults and batteries were worthy of treatment as *separate offenses* having distinct criminal sanctions. Accordingly, the Code preserves the conceptual distinction drawn between 'assaults" and 'batteries' by present law. **** Under the Code, conduct is denominated a 'battery' or 'assault' depending on whether or not physical injury results. (italics supplied.)

Further, § 41-105 (3) provides that "[T]he court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." See also *Caton v. State,* 252 Ark. 420, 479 S.W. 2d 537 (1972); and *Frederick v. State,* 258 Ark. 553, 528 S.W. 2d 362 (1975). Here, in view of the evidence, the court was not obligated to give instructions on assault. Furthermore the Commentary following § 41-105 clearly shows that subsection (2) (c), *supra,* is intended to apply to a situation where battery in the third degree is a lesser included offense within battery in the second degree. Here, the court instructed the jury on third degree battery and, also, at appellant's request, on reckless driving.

Finally appellant asserts the trial court's admission of testimony relating to appellant's actions subsequent to the alleged battery was irrelevant and prejudicial. The testimony objected to was with respect to appellant's activities in moving his car and leaving the scene. The evidence is clearly relevant to the issue of whether appellant's conduct was "reckless," a prerequisite or an element of the offense charged and, further, was close enough in time to the occurrence to be part of the *res gestae,* manifesting appellant's state of mind at the time of the accident.

Affirmed.