## Leroy PHILMON *v.* STATE of Arkansas

CA CR 79-80                     593 S.W. 2d 504

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*Napper, Wood, Hardin & Grace, P.A.,* by: *Henry A. Allen,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The appellant was convicted of possession of heroin and sentenced to ten years confinement and a fine of $10,000. He has raised five points for reversal

which we will consider seriatim. We will set out the basic facts at first and then add facts as may be necessary with respect to the discussion of each of the appellant's points. Our ultimate conclusion is the conviction must be affirmed, but the sentence reduced to the minimum which could have been given because of errors which might have affected the jury's decision on the sentence but which did not go to the question of guilt or innocence.

The appellant and a companion were driving into Garland County when their vehicle was stopped by officers who had a warrant, issued by the North Little Rock Municipal Court, for the appellant's arrest. After the appellant got out of the car, he was asked to acknowledge he understood the rights which had been read to him. When he did not speak, it became apparent he had something in his mouth which he was chewing. He and the police officers scuffled briefly, and ultimately he was talked into spitting out several plastic bags which were then field tested and found to contain heroin.

On the side of the car where the appellant's companion was riding, a loaded .45 caliber pistol was found.

After the appellant had been arrested, he was taken to a hospital where a physician gave him a lavage which caused the appellant to disgorge the contents of his stomach which were placed in a container and later determined to contain heroin. There is no evidence that appellant consented to this procedure, but the record makes it clear no corporal force was used, and the doctor testified he considered the procedure necessary to protect the appellant from injury or possible death due to heroin overdose, given the circumstances.

### 1.  The Arrest Warrant

The prosecutor asked his first witness, Detective Mack, how he "became involved" in the matter. Detective Mack said the day before the arrest he obtained a copy of an arrest warrant for the appellant from the police department at North Little Rock. At that point, Mr. Coffelt, the appellant's trial defense counsel, made this statement:

Now, I object to that, if the court please, and ask for a mistrial. They charged him with another case not involved here and I object to it, and it's clearly grounds for a mistrial.

The appellant argues the mention of the warrant was inadmissible because of the general provisions of Ark. Stat. Ann. § 28-1001, Rule 404(b) (Repl. 1979), which says evidence of other crimes is not admissible except under certain circumstances. That argument assumes the jury would somehow have known the warrant was for a different offense because it was picked up in North Little Rock (Pulaski County) and the accused was being tried in Garland County. At that point, no mention had been made of the court or authority issuing the warrant.

Yet, the appellant has not shown how the fact that a warrant was obtained in one county means necessarily it was not issued in the county where the accused is being tried. In short, although we agree with the appellant's counsel's statement on oral argument before us that jurors are usually astute in these matters, we are not convinced even the most knowing juror would or could have concluded the warrant was for a different offense until the appellant's trial counsel told them.

We hold that, to whatever extent the knowledge that the appellant had been accused of a different offense from the one for which he was being tried may have prejudiced the appellant, it was invited or created by him and should not be a basis for relief on appeal. *Stovall* v. *State,* 233 Ark. 597, 346 S.W. 2d 212 (1961).

## 2.   Refusal of Proffer

After denying the mistrial motion the trial judge admonished the jury not to consider the warrant as evidence of guilt or innocence. Later, in his cross examination of Detective Mack, trial defense counsel returned to the subject of the warrant and asked if it was one the Circuit Court of Pulaski County had held void. The prosecutor objected, and colloquy among the prosecutor, the defense counsel and the court ensued, terminating as follows:

THE COURT: What are you going to ask?

MR. COFFELT: I'm going to ask if he has personal knowledge of the fact that the warrant he's talking about on direct examination was held to be void by the Pulaski Circuit Court. You see, here's what happened, Judge —

THE COURT: Overruled.

MR. COFFELT: If he has personal knowledge, it wouldn't be —

THE COURT: You're overruled and that's the end of it.

The appellant argues the defense counsel was attempting to proffer evidence that the appellant was acquitted of the charge which was the basis of the arrest warrant. We cannot know what the defense counsel wanted to tell the court, but that is not the point.

If the state had introduced the evidence of a different offense having been charged against the accused, the accused would have been entitled to show he was acquitted of that charge. There is authority to the contrary in older cases. Annot., 86 A.L.R. 2d 1133, § 4 pp. 1144-1146 (1962). However, most recent cases would clearly require he be permitted to produce the evidence of acquittal. *State* v. *Smith,* 271 Or. 294, 532 P. 2d 9 (1975); *Womble* v. *State,* 8 Md. App. 119, 258 A. 2d 786 (1969); *People* v. *Griffin,* 66 Cal. 2d 459, 58 Cal Rptr. 107, 426 P. 2d 507 (1967); *State* v. *Calloway,* 268 N.C. 359, 150 S.E. 2d 517 (1966).

The court should have permitted the proffer so that we could have had a complete record on appeal. We cannot say the appellant's defense counsel did not honestly believe the state had demonstrated to the jury a charge on a different offense. We had to study the record well before coming to the conclusion that the error, if any, was invited or produced by the defense counsel. It certainly was questionable at the time of the trial, and the judge should have permitted the proffer. We would so hold even had it been clear at the trial that the defendant had been the first to signal the jury with respect to the different offense to which the warrant related. It was the prosecution's witness who first mentioned the warrant and stimulated the discussion, thus it seems certain

the appellant was not trying independently to get his previous acquittal before the jury.

### 3.  The Pistol

The appellant contends the testimony about the weapon was inadmissible because it was not relevant to the offense of possession of heroin and was prejudicial. The appellee argues that the court should not consider this matter as it is being raised for the first time on appeal, citing *Pace* v. *State,* 265 Ark. 712, 580 S.W. 2d 689 (1979).

Trial defense counsel objected at the trial to the testimony of the officer who found the weapon in the car. The objection was first phrased in terms of lack of foundation to permit a search for a weapon. Later objection was phrased in general terms. *Pace* v. *State, supra,* holds that where the specific objection to the evidence is raised for the first time on appeal, it will not be considered, citing Ark. Stat. Ann. § 28-1001, Rule 103 (a) (1) (Repl. 1979). That rule says specific, timely objection must be made "if the specific ground was not apparent from the context; . . ." .

It should have been apparent to the court that the pistol was not relevant and should not have been discussed before the jury. Although the objection was at first made on a different ground, we regard the later general objection as sufficient, "in the context" of this trial.

The appellee cites several cases holding a weapon may be introduced where "narcotics transactions" are involved, because it may be relevant to show intent. *E. G., Freeman et al* v. *State,* 258 Ark. 496, 527 S.W. 2d 623 (1975). All of the cases cited, however, dealt with offenses where intent was a factor, unlike this case where possession is the only charge.

The objection should have been sustained.

### 4.  The Stomach Contents

The appellant argues the prosecution should not have been allowed to introduce the container with the fluid obtained from his stomach. An objection was made at the trial on the ground it was obtained by an illegal search. The trial

judge held the objection was not timely as no motion to suppress had been made in accordance with Ark. R. Crim. P. 16.2.

The appellant appears to recognize the correctness of this ruling, but asks to consider the matter "in spite of Rule 16.2" because he feels he was denied the effective assistance of counsel at the trial.

Ark. R. Crim. P. 37 provides a means of raising the question of competency of counsel in the trial court. We will not entertain an initial consideration of it on appeal. *Houston* v. *State,* 266 Ark. 257, 582 S.W. 2d 958 (1979); *Halfacre* v. *State,* 265 Ark. 378, 578 S.W. 2d 237 (1979); *Hilliard* v. *State,* 259 Ark. 81, 531 S.W. 2d 463 (1976).

## 5. Discovery

The appellant argues the trial judge refused his proffer of evidence that the prosecution had not compiled with Ark. R. Crim. P. 17 in permitting him access to the prosecution file. The objection at the trial came in the form of a statement by the defense counsel that he did not recall the statement of a particular witness as having been in the file.

The objection was overruled, apparently with some brusqueness by the judge. The defense counsel then said, "I understand but I still have to make my record, Judge," to which the judge replied, "and, your motion [to suppress] is overruled. Can't you understand that?"

Although the appellant couches the point in terms of refusal of a proffer, a reading of the record leaves no doubt that no proffer was intended and in referring to "making a record," the defense counsel was merely explaining his objection or giving a reason for having made it. We find no error.

## Conclusion

We thus find two errors: first the refusal to allow the proffer of evidence of acquittal on the charge to which the warrant pertained; and second, admission of testimony with respect to discovery of the weapon. Given the overwhelm-

ing evidence, which was undisputed, that the appellant was in possession of heroin when he was arrested, we find these errors harmless to the extent that they could not have influenced the jury on the question whether the appellant was in fact in possession of heroin. If error is harmless and the evidence of guilt is overwhelming, reversal is not warranted. *Pace* v. *State*, 265 Ark. 712, 580 S.W. 2d 689 (1979); *Harrington* v. *California*, 395 U.S. 250, 89 S. Ct. 1726 (1969).

However, these errors (particularly the testimony on the pistol) could have improperly influenced the jury in its setting of the sentence. Because of this possible prejudice in the imposition of sentence, we affirm the conviction but reduce the sentence to the minimum the jury could have given for the offense of which the appellant was convicted. *Rogers* v. *State*, 260 Ark. 232, 538 S.W. 2d 300 (1976); *Osborne* v. *State*, 237 Ark. 170, 371 S.W. 2d 518 (1963); *Simmons* v. *State*, 227 Ark. 1109, 305 S.W. 2d 119 (1957). The sentence is thus reduced to two years confinement. See, Ark. Stat. Ann. § 82-2617 (Supp. 1979), and Ark. Stat. Ann. §§ 41-901 and 1101 (Repl. 1977).

Affirmed as modified.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. I disagree with the majority. It is not within our authority to reduce the sentence.

In *Osborne* v. *State*, 237 Ark. 5, 371 S.W. 2d 518 (1963) the Supreme Court holds:

If testimony supports conviction for offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce even though we may think it to be unduly harsh.

In a supplemental opinion on Rehearing the Court holds:

When the erroneous ruling has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be corrected by reducing the sentence to minimum provided by law.

In 1971 the legislature enacted Ark. Stat. Ann. § 43-2725.2 which empowered the Court to reduce a sentence if the court·deemed it excessive. This act was held to be unconstitutional in 1974 in *Hooper* v. *State,* 257 Ark. 103, 514 S.W. 2d 394 (1974) where it was determined:

> The right to exercise clemency is, however, vested not in the courts but in the chief executive . . . If the testimony supports the conviction for the offense in·question and if the sentence is within the limits set by the legislature, we·are not at liberty to reduce it even though we may think it to be unduly harsh.

Then in *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977), cert. denied 434 U.S. 878, Justice Hickman dissents:

> If this language were not enough, it was made perfectly clear in the Hooper case that this court would not reduce a sentence because it was excessive, or was based on passion and prejudice . . . I believe the decisions of this court in the Osborne and Hooper cases were wrong and should be overruled. It is not a matter of clemency to correct an injustice; it is simply the law at work.

The *Collins* case prohibits our reducing Philmon's sentence.

Again in *Stout* v. *State,* 263 Ark. 355, 565 S.W. 2d 23 (1978) Justice Hickman concurs with the majority in refusing to reduce the sentence, but states:

> The majority uses our decision in *Collins* v. *State,* (supra) as authority that we retain the power to reduce an excessive sentence caused by passion or prejudice. It may, be, that we retain the power but I know of no instance where we have exercised it. We have reduced sentences only because of some legal error.

The legal errors referred to in these cases pertain to the sentence itself i.e. where the sentence imposed is greater than the provision under which the criminal charge is brought, or where a legal error has resulted in a misinterpretation of a statutory punishment.

In the case of *Rogers* v. *State,* 260 Ark. 233, 538 S.W.

2d 300 (1976) the error was the admission of a prior conviction which made the defendant a habitual offender. One of his previous convictions was as a juvenile and therefore could not be considered. This legal error led to an excessive sentence which was subsequently reduced.

In the instant case we have no evidence the jury verdict and sentence resulted from prejudice and passion. Nor was there an erroneous instruction as to the potential sentence or an erroneous sentence imposed. The sentence was within statutory limits.

I agree with my colleagues there was error committed in the trial court. I do not find these to be harmless. We can only conjecture as to what affected the jury's deliberation and consideration. There is no way appellate court judges, limited to the record, can determine those factors which influenced the jury's determination of guilt and those which determined the punishment. To insure this defendant genuine due process, this court should reverse and remand for a new trial.

Therefore, I respectfully dissent.