John HALL, III *v.* STATE of Arkansas

CA CR 83-164                    666 S.W.2d 408

Court of Appeals of Arkansas
Division II
Opinion delivered March 21, 1984
[Rehearing denied April 18, 1984.]

*Young & Finley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was convicted of incest and second degree battery. He was sentenced to ten years in prison for the incest and six years for the battery, with the terms to run consecutively. The charges arose from incidents between appellant and his six-year-old son.

Appellant lived in a house trailer alongside his parent's home. His son lived with him. The child's mother was in California. The boy testified that his daddy stuck his "weenie" in the boy's mouth, that a "weenie" was what his daddy went to the bathroom with, and that "he done it to me a bunch of times." The child's kindergarten teacher testified that he frequently came to school bruised and one time his whole ear was black. On another occasion, she discovered hog lice on the child. She took him to the gymnasium and had him take his clothes off and get in the shower. When he stepped out of the shower, she noticed that he was bruised from the neck down, back and front.

Appellant's ex-girl friend testified that she had seen the defendant hit the child, knock him across the room, make him stay in bed all day, and knock him down when he raised up or asked to get up. On cross-examination she was asked if she and the defendant were living together, if there were hard feelings when they broke up, and if she had made threats to him at that time. She answered that they did not live together, that she had not made threats, but that there were hard feelings. On redirect the prosecution inquired as to the

reason for the hard feelings. The witness replied that it was because of the way appellant treated the child and because appellant had asked her to perform oral sex on appellant. At this point, defense counsel asked that the court admonish the jury that this had "nothing to do with the case." His request was denied and this is one of the points of error on appeal.

The child testified that he did not remember being hit at appellant's ex-girl friend's house, and neither did he remember what had caused his ear to be black and sore. He said his daddy whipped him with a belt or a switch for being bad. The appellant testified and denied doing more than spanking the boy. He denied ever bruising the child or having oral sex with him. He said the child fantasized a lot, that the prosecutor and social workers were out to get him, and that his ex-girl friend and the kindergarten teacher were lying.

Appellant's first point of error is the ruling of the court denying his request to admonish the jury to disregard his former girl friend's statement about appellant asking her to perform oral sex on him. In support of this argument appellant cites *Philmon* v. *State,* 267 Ark. 1121, 593 S.W.2d 504 (Ark. App. 1980), a drug possession case, which held that it was error to allow a weapon to be introduced into evidence as it was not relevant in a possession case. Appellant also says that Uniform Evidence Rule 404(b) makes evidence of other crimes, wrongs, or acts inadmissible to prove the character of a person in order to show that he acted in conformity therewith in committing another crime. The state contends, however, that under the guidelines of *Parker* v. *State,* 265 Ark. 315, 578 S.W.2d 206 (1979), this evidence was proper on redirect examination.

In *Parker* the court said that the scope of redirect examination lies within the sound discretion of the trial court, and that a witness should be allowed full opportunity to explain matters brought out on cross-examination, or to rebut any discrediting effect they may have had, or to correct any wrong impression that may have been created on cross-examination, even though the evidence brought out on

redirect would not have been admissible on direct examination. Under the circumstances in the present case, we think the rationale of *Parker* is applicable here, and we find no reversible error in the court's ruling.

Appellant also argues that there was insufficient evidence to support the conviction of second degree battery. Ark. Stat. Ann. § 41-1602(1)(a) (Repl. 1977), provides that, "A person commits battery in the second degree if, with the purpose of causing physical injury to another person, he causes serious physical injury to any person." Serious physical injury is defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Stat. Ann. § 41-115(19) (Repl. 1977). The difference between the crime of second degree battery and the crime of third degree battery, as it relates to this case, is that third degree battery concerns "physical injury" rather than "serious physical injury." *See* Ark. Stat. Ann. § 41-1603 (Repl. 1977). Physical injury is defined as "the impairment of physical condition or the infliction of substantial pain." Ark. Stat. Ann. § 41-115(14) (Repl. 1977).

In *Harmon* v. *State*, 260 Ark. 665, 543 S.W.2d 43 (1976), the court affirmed a second degree battery conviction, saying it was an issue of fact as to whether the victim sustained "serious physical injuries." The injuries were described as "a broken leg, a fractured toe, bruised heel and pelvis." The victim was hospitalized for about a month, was in a leg cast and traction for two or three weeks of that time, and about a month and a half later was still walking with crutches. The case says that our Criminal Code scales batteries in degrees of first, second, and third, with the severity of punishment being based, in part, on the result of the battery *in terms of harm done to the victim..*

*Harmon* is the only case cited in the briefs. Apparently this facet of our Code has not been the subject of much appellate court attention. We have set out about the entire evidence regarding the injuries received by the victim in this case. Given the definitions of "physical injury" and "serious

physical injury," considering that the Commentary to § 41-1603 says that *first* degree battery comprehends only life-endangering conduct, and considering the second degree injuries described in *Harmon*, we are persuaded that the injuries in this case will support only the lesser included offense of battery in the third degree. As the state's brief points out, *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977), holds that in this situation we may "reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally."

In *Scott* v. *State*, 1 Ark. App. 207, 614 S.W.2d 239 (1981) and *Griffin* v. *State*, 2 Ark. App. 145, 617 S.W.2d 21 (1981), we remanded for the trial court to assess the sentence and we follow that procedure here. The judgment of conviction of incest is affirmed. The judgment of conviction of battery in the second degree is reduced to battery in the third degree and remanded to the trial court for impositions of sentence consistent with the conviction of that crime.

Affirmed as modified.

CRACRAFT and COOPER, JJ., agree.