## Scott MIDDLETON *v.* STATE of Arkansas

CA CR 84-182                           685 S.W.2d 182

### Court of Appeals of Arkansas
### Division I
### Opinion delivered February 27, 1985

*John W. Settle,* by: *J. Fred Hart, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint E. Miller,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. This appeal ensues from the trial court's revocation of appellant's suspended imposition of a burglary sentence. In its petition to revoke, the State alleged the appellant had failed to comply with the court's order to pay his court costs, to make restitution to the victim of his burglary and to not violate any state law. Regarding the law violation, the State asserted appellant had committed second degree battery upon his six-month-old daughter. Appellant's sole point for reversal is that the trial court's findings were against the preponderance of the evidence. We affirm.

First, appellant argues the record is devoid of any proof that he failed to pay the court costs and to make restitution. We cannot agree. On October 24, 1983, the court ordered such costs and restitution to be paid within 90 days. On March 2, 1984 (129 days after the court's order) the State filed its petition to revoke. At his revocation hearing on April 13, 1984, appellant admitted that his parents had paid the costs and restitution the previous week — at the earliest, some 159 days after the court's October 24, 1983 order. Although appellant explained that his failure to pay was because he was unemployed, the trial judge had the right to accept such portions of appellant's testimony as he believed and to reject that which he believed to be false. *See Wrather* v. *State*, 1 Ark. App. 155, 613 S.W.2d 601 (1981). In any event, the record before us reflects that the appellant failed to pay the costs and restitution as ordered by the trial court, and on this point alone, the evidence is sufficient to support the court's revocation decision.

Appellant also argues the State failed to demonstrate the appellant committed second degree battery. Under Ark. Stat. Ann. § 41-1602(1)(d)(iii) (Supp. 1983), a person commits battery in the second degree if he intentionally or knowingly without legal justification causes physical injury to one he knows to be twelve (12) years of age or younger. Appellant's battery charge involved his daughter who undisputedly was only six-months old. Appellant argues that the State failed to show he caused physical injury to his daughter. Physical injury is defined in Ark. Stat. Ann. § 41-115(14) (Repl. 1977), which provides:

"Physical injury" means the impairment of physical condition or the infliction of substantial pain.

Appellant denied at the hearing that he hurt his daughter. Of course, the trial court was not required to believe him since he was the witness most interested in the outcome of the revocation proceeding. *Fitzpatrick* v. *State,* 7 Ark. App. 246, 647 S.W.2d 480 (1983). The State's evidence showed that he previously had given police officers a written statement admitting he was upset with his daughter because she was crying; he grabbed (squeezed) her chin, shook her face and left bruises on her. Also, the child's mother testified that she discovered bruises on the baby's *head and face,* and when she asked appellant what happened, he said, "[H]e didn't know, but that he needed help." Based upon this proof, the trial court could have inferred the appellant caused physical injury to his daughter, especially in view of the bruises left on her and the described abusive manner in which he handled her. We find little merit in appellant's argument that the State failed to show the victim was in substantial pain when he attacked a six-month-old infant who was unable to articulate a cry for help or relate how the appellant had mistreated her.

We affirm.

CLONINGER and CORBIN, JJ., agree.