534

Bernard C. SMITH
and Frances Smith *v.* Jack L. STEVENS

92-1450                                          855 S.W.2d 323

Supreme Court of Arkansas
Opinion delivered June 21, 1993
[Supplemental Opinion on Denial of Rehearing July 19, 1993.]

*Odell Pollard, P.A.*, for appellants.

*David Hodges*, for appellee.

DONALD L. CORBIN, Justice. Appellants, Bernard C. Smith

and Frances Smith, filed suit against appellee, Jack L. Stevens, in the White Circuit Court seeking damages for Mrs. Smith's personal injuries as well as damages to their automobile arising out of an automobile collision. Appellee counterclaimed for property damages to his automobile and personal injuries of his wife, who was a passenger in his vehicle. The case was tried to a jury which found both drivers equally at fault. The trial court entered judgment in accordance with the verdict whereby the complaint and counterclaim were dismissed, Mrs. Smith and Mrs. Stevens were respectively awarded $346.60 and $1,715.60 in personal injury damages. Appellants appeal the judgment contending the trial court erred in two respects while instructing the jury. We find no error and affirm.

The evidence at trial revealed that the collision occurred on Christmas Day, 1991, on the crest of a hill on a two-lane gravel road. The road narrows to one lane so that from 30 feet north of the crest to 40 feet south of the crest, only one vehicle may pass at a time. Appellant Mr. Smith was driving north and appellee Mr. Stevens was driving south. The two vehicles collided at the crest of the hill. Both drivers testified they did not see the other vehicle until approximately two seconds prior to impact and that both made efforts to stop their respective vehicles upon sighting the approaching vehicle.

As their first argument for reversal of the judgment, appellants contend the trial court erred in refusing to instruct the jury on the duty of a motorist approaching a one-way passage. Appellants submitted an instruction based on AMI 901 and included the following paragraph as a proposed additional common law rule of the road to be considered by the jury in determining negligence:

"[W]here two drivers approaching from opposite directions meet at a passage so narrow as to make it impossible or dangerous for both to pass at the same time, the one who first reaches the passage, or who would normally so reach it if both continued at proper speeds, has the right of way, and it is the duty of the other driver to refrain from entering such narrow passage until the first vehicle has safely cleared it."

On appeal, appellants argue that appellee testified he prac-

ticed the foregoing rule of the road, therefore this particular rule of the road exists in Arkansas and the proffered instruction should have been given. The trial court refused the proffered instruction stating as follows:

> As a part of the citation submitted to the Court by Mr. Pollard [counsel for appellant], there is, out of ALR Annotated 47, Second, on page 146, this comment: "In the absence of a specific statute relating to the right-of-way over a one-way bridge or passage too narrow for vehicles moving in opposite directions to pass," which is what we have in Arkansas, "the duty devolves upon the operators of both vehicles to exercise ordinary care to prevent collisions . . ." And the Court will be giving an instruction on ordinary care, so this is refused.

We agree with the trial court's foregoing analysis. AMI 901 is a statement of the common law rules of the road and instructs the jury that a failure to meet the standard of care required by the rules of the road constitutes negligence. Thus, in order for the trial court to have instructed the jury as appellants requested, it would have been required to find the existence of a common law rule concerning the right-of-way over a one-way passage too narrow for vehicles moving in opposite directions to pass. However, this court has never recognized a common law rule concerning the right-of-way over a one-way passage too narrow for vehicles moving in opposite directions to pass, nor is there an Arkansas statute on this subject. In addition, the trial court would have been required to find the requested instruction applicable to the particular facts presented. The requested instruction does not apply to the facts of this case in that it assumes a situation where the drivers of the two vehicles can see the other vehicle as it approaches the narrow passage. The testimony presented revealed that each driver could not see the other until he had committed to making the narrow passage over the hill. Therefore, had the trial court determined that an additional rule of the road existed and instructed the jury accordingly, such instruction would have been an erroneous statement of the law, particularly as applied to this case.

Where a party requests an erroneous instruction, he or she may not complain of failure to charge on the subject.

*Williams* v. *First Security Bank of Searcy*, 293 Ark. 388, 738 S.W.2d 99 (1987). In addition, pursuant to our per curiam issued April 19, 1965, found at AMI Civ. 3d, p. VII, when instructions are requested which do not conform to the Arkansas Model Jury Instructions (AMI) they should be given only when the trial judge finds the AMI instructions do not contain an essential instruction or do not accurately state the law applicable to the case. *Newman* v. *Crawford Constr. Co.*, 303 Ark. 641, 799 S.W.2d 531 (1990). The trial court refused the requested instruction on the basis that the instruction on ordinary negligence adequately covered the issue. Accordingly, we cannot say the trial court erred in refusing the requested addition to AMI 901.

In reaching this conclusion, we are well aware of the cases from other jurisdictions appellants cite as authority for instructing a jury on the right-of-way on a narrow passage. However, these cases are not applicable to the current case for various reasons. *See e.g., Short* v. *Robinson*, 280 Ky. 707, 134 S.W.2d 594 (1939) (requested instruction was proposed as an addition to instruction on ordinary negligence); *Clark·Bilt, Inc.* v. *Wells Dairy Co.*, 200 Neb. 20, 261 N.W.2d 772 (1978) (violation of a safety regulation, ordinance, or statute is merely evidence of negligence, not negligence per se as stated in AMI 901); *Yell* v. *Wooten*, 362 P.2d 1102 (Okla. 1961) (merely recognizing, without applying, the existence of such a common law rule in other jurisdictions).

As their second argument for reversal, appellants contend the trial court erred in instructing the jury on sudden emergency pursuant to AMI 614. The trial court instructed the jury as follows:

> A person who is suddenly and unexpectedly con- fronted with danger to himself or others not caused by his own negligence is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation.

Appellants claim it was error to give the foregoing instruction on sudden emergency because appellee's negligent actions created the emergency. Appellants point to appellee's testimony

that he knew the road well and knew the hill was a dangerous one-way passage. Appellants then argue that given appellee's knowledge of the danger, he was negligent in approaching the hill and committing to crest the hill without knowing if any other vehicle was approaching in the opposite direction. Appellee thus created the emergency that faced both drivers, argue appellants, and he should not be allowed to take advantage of the sudden emergency instruction.

■ We agree with appellants' assertion that one who creates the emergency cannot take advantage of AMI 614. The instruction, by its very terms, applies only to emergencies not caused by a person's own negligence. Moreover, this court has stated that "one may not create an emergency by his own action and then seek to take advantage of the situation by requesting an instruction on sudden emergency." *Williams* v. *Carr*, 263 Ark. 326, 332, 565 S.W.2d 400, 403 (1978).

■ We do not agree, however, with appellants' assertion that appellee's actions created the sudden emergency. The evidence revealed that it is impossible to see any oncoming traffic until one has committed to cresting the hill and that the road is so narrow only one vehicle may crest the hill at a time. Thus, if indeed any emergency arose in this case, it was created by the nature of the hill and the road. There is simply no merit to appellants' argument and we cannot say the trial court erred in giving the challenged instruction.

The judgment is affirmed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JULY 19, 1993
857 S.W.2d 165

1. APPEAL & ERROR — REHEARING NOT GRANTED IN ORDER TO MORE CONCISELY STATE ACCIDENT SCENE MEASUREMENTS WHEN THE MEASURMENTS WERE INCONSEQUENTIAL TO THE REASONING AND HOLDING IN THE MAJORITY OPINION. — Rehearing will not be granted merely to more concisely state accident scene measurements when the measurements were inconsequential to the reasoning and holding in the majority opinion.
2. AUTOMOBILE — RULES OF THE ROAD — YIELDING TO VEHICLE FIRST TO ENTER NARROW PASSAGE — RULE INAPPLICABLE — NEITHER DRIVER COULD SEE THE OTHER. — Although the original opinion did not accurately picture the road in question, the failure to fully describe the length of the one-way passage did not warrant rehearing because it was inconsequential to the reasoning and holding in this case; since neither driver could see the approaching vehicle until each had committed to cresting the hill, any rule of the road relating to the yielding of the right of way to the vehicle which has first undertaken the narrow passage was inapplicable; the lack of visibility rendered the length of the one-way passage irrelevant.

Petition for Rehearing denied.

*Odell Pollard, P.A.*, for appellants.

*David Hodges*, for appellee.

DONALD L. CORBIN, Justice. In their petition for rehearing, appellants contend we made an error of fact which justifies a rehearing by erroneously stating in our opinion that "[t]he road narrows to one lane so that from 30 feet north of the crest to 40 feet south of the crest, only one vehicle may pass at a time."

■ Appellants correctly point out that our opinion does not describe an accurate picture of the road in question. The road actually narrows so that from 30 - 40 feet north of the crest to approximately 150 feet south of the crest, only one vehicle may pass at a time. However, our failure to fully describe the length of the one-way passage does not warrant rehearing because it was inconsequential to our reasoning and to our holding in this case.

■ Our opinion turned on the fact that neither driver could see the approaching vehicle until each had committed to cresting

the hill. Thus, any rule of the road relating to the yielding of the right of way to the vehicle which has first undertaken the narrow passage is inapplicable to this particular case because neither driver could see that the other either had or had not entered the narrow passage. The lack of visibility renders the length of the one-way passage irrelevant in this case. Any contention by appellants that our misstatement of fact confuses the issue of which driver entered the narrow passage first begs the question.

The petition for rehearing is denied.