**TEC FLOOR CORPORATION, a New Jersey Corporation, Appellant,**

v.

**WAL–MART STORES, INC., a Delaware Corporation, Appellee.**

**No. 92–3665.**

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Sept. 1, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 26, 1993.

Jenniffer M. Horan, Fayetteville, AR, argued for appellant.

Timothy E. Howell, Fayetteville, AR, argued (Sidney P. Davis, Jr., on brief), for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and HUNTER,[*] Senior District Judge.

WOLLMAN, Circuit Judge.

TEC Floor Corporation brought this diversity action against Wal–Mart Stores, Inc., alleging breach of contract, intentional fraud, and constructive fraud. TEC appeals from the district court's [1] judgment entered upon a jury verdict for Wal–Mart on the breach of contract and intentional fraud claims and from the court's refusal to submit the constructive fraud claim to the jury. We affirm.

## I.

TEC, located in New Jersey, manufactured and sold floor tiles. In 1988, a struggling TEC, desperate for a large national account, began courting Wal–Mart for a large supply agreement. On July 12, 1989, Ronald Keller and Todd Walker, TEC's chairman of the board and president, respectively, met with several Wal–Mart representatives. At this meeting, Wal–Mart agreed to purchase 10,-000,000 square feet of 24″ × 24″ floor tile for forty cents per square foot. At a subsequent meeting, Wal–Mart selected the color and style of the tile, white with marbling. (Marbling refers to the dark streaks that run randomly through the tile.) In November 1989, the parties executed a supply agreement, dated October 1, 1989, and as initially agreed, Wal–Mart covenanted to purchase 10,000,000 square feet of tile in 24″ × 24″ units. The contract was to expire after one year unless both parties agreed to renew it.

---

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

Upon installing TEC's tile in its new stores, Wal–Mart discovered that there were significant quality control problems with the tile. For example, the sides of the tiles were of unequal length, the white background was of differing shades, and the marbling was uneven. Wal–Mart worked with TEC to remedy the problems, but to no avail. Finally, on August 10, 1990, Wal–Mart informed TEC that it was terminating the contract. Wal–Mart allowed TEC to continue producing tile until September 7, twenty-three days before the one-year contract was to expire.

TEC initially filed this action in federal court in the District of New Jersey. Pursuant to Wal–Mart's motion, the New Jersey District Court transferred the case to the Western District of Arkansas under 28 U.S.C. § 1404(a).

TEC's complaint alleged counts for breach of contract, intentional fraud, and constructive fraud. The jury found in favor of Wal–Mart on TEC's breach of contract and intentional fraud claims. TEC then moved for judgment as a matter of law or, in the alternative, a new trial. The district court denied both motions.

## II.

TEC raises six arguments. First, TEC argues that the district court erred in not granting its motion for judgment as a matter of law on the breach of contract claim.

■ The standard for setting aside a jury verdict is a rigorous one.

> In ruling on a motion for [judgment as a matter of law], the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

*Western Am., Inc. v. Aetna Cas. and Sur. Co.,* 915 F.2d 1181, 1183 (8th Cir.1990).

The district court instructed the jury that TEC had the burden of establishing four elements on its breach of contract claim:

(1) that a contract existed between TEC and Wal–Mart;

(2) that TEC substantially performed its obligations under the contract;

(3) that Wal–Mart breached the contract; and

(4) that TEC suffered damages proximately caused by Wal–Mart's breach.

The parties do not dispute that they had a binding contract. Rather, the dispute revolves around whether TEC substantially performed its obligations under the contract. TEC argues that it substantially complied with the contract's terms and that Wal–Mart breached the contract by terminating it without a legal excuse for doing so. Wal–Mart, on the other hand, argues that TEC breached the contract first by providing defective tile, giving Wal–Mart a legal excuse for terminating the contract.

As TEC points out, the only specification expressly set forth in the contract was that TEC provide vinyl quartz tile in 24″ × 24″ units. The contract did not contain or incorporate any specific quality control standards. Additionally, the contract provided that the contract represented and incorporated the entire understanding of the parties and that no warranties or representations existed except those expressly set forth in the contract.

■ Nevertheless, viewing the record in the light most favorable to Wal–Mart, we find sufficient evidence that TEC did not substantially perform its obligation to provide tile in 24″ × 24″ units. Whether TEC's tile conformed to the contract's requirements was a question of fact for the jury. *See, e.g., Watson v. Miears,* 772 F.2d 433, 436 (8th Cir.1985) (applying Arkansas law). The record contains considerable evidence from which the jury could find that TEC did not provide 24″ × 24″ tile. Several TEC and Wal–Mart representatives testified that TEC's tile was not consistently 24″ × 24″." Rather, as testing by TEC's licensor indicated, the tiles had a general tendency to be

shorter in length than in width. This tendency caused significant installation problems. For example, when Wal–Mart laid the tile in the classic checkerboard pattern, there were gaps between the tiles. As a result, Wal–Mart had to lay the tile in a straightline pattern in which all the marbling runs in the same direction. A straightline pattern detracts from the tile's appearance and increases maintenance because it does not conceal marks as well as a checkerboard pattern. Accordingly, because there was sufficient evidence that TEC did not substantially perform under the contract, we hold that the district court did not err by not granting judgement as a matter of law.

■ Second, relying on section 2–607(4) of Title Four of the Arkansas Code, TEC argues that the district court erroneously instructed the jury that TEC had the burden of proving that it had substantially performed under the contract. Section 2–607(4) provides that the buyer has the burden of establishing any breach with respect to goods accepted. Ark.Code Ann. § 4–2–607(4) (Michie 1987). TEC's reliance on section 2–607(4) is misplaced, however, because the goods at issue were not accepted by Wal–Mart. The goods at issue were the tiles that TEC would have produced for and sold to Wal–Mart from September 7 to September 30 had Wal–Mart not terminated the contract twenty-three days before it expired. Because these goods were never produced by TEC and thus not accepted by Wal–Mart, section 2–607(4) is not applicable.

■ Third, TEC argues that the district court erred in not granting a new trial on the breach of contract and intentional fraud claims because the jury's verdict was against the weight of the evidence. We review the district court's refusal to grant the motion for a new trial for abuse of discretion. *Morgan v. City of Marmaduke,* 958 F.2d 207, 210–11 (8th Cir.1992). For the reasons discussed above, we hold that the verdict on the breach of contract claim was not against the weight of the evidence. We also find that the verdict on the intentional fraud claim was sufficiently supported by the evidence. This claim was based on TEC's contention that Wal–Mart had misled TEC into believing

that Wal–Mart intended to have a long-term relationship with TEC, when, in fact, Wal–Mart intended merely to test TEC's tile for one year. As TEC argues, Wal–Mart may have indicated that it was interested in a long-term relationship with TEC. The evidence established, however, that Wal–Mart had also indicated to TEC that it could commit to only one year at a time. For example, Thomas Seay, vice-president of real estate and construction for Wal–Mart, testified that he had told Keller at the July 12 meeting that the contract would be for only one year because Wal–Mart had concerns about the tile's quality. Indeed, Keller and Walker both admitted that they knew that TEC had to satisfy Wal–Mart during the first year of the contract before Wal–Mart would extend the contract beyond the initial year.

Fourth, TEC argues that the district court erred in not submitting TEC's constructive fraud claim to the jury. In refusing to submit this claim to the jury, the district court first stated that it believed that constructive fraud was an equitable claim for the court to decide. The court further stated that even if constructive fraud was a legal remedy, there was insufficient evidence to create a jury question as to whether TEC and Wal–Mart had the necessary special relationship to give rise to a constructive fraud claim. TEC argues that constructive fraud is a legal remedy and that there was sufficient evidence to submit the claim to the jury.

■ Under Arkansas law, constructive fraud applies only in certain limited situations. *Union Nat'l Bank v. Farmers Bank,* 786 F.2d 881, 886 (8th Cir.1986). Absent special circumstances or a special relationship between the parties, the doctrine does not apply. *Id.* We agree with the district court that even assuming that constructive fraud is a legal remedy, there was insufficient evidence to establish the requisite special relationship between TEC and Wal–Mart. This transaction was an arm's-length deal between two relatively sophisticated parties.

■ Fifth, TEC argues that the New Jersey District Court erred in transferring this case to the Western District of Arkansas. We do not reach the merits of this argument because we lack jurisdiction to review a

transfer order from a district court sitting outside this circuit. 28 U.S.C. § 1294; *see, e.g., Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1136 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 985–86 (11th Cir.1982); *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.,* 436 F.2d 1180, 1188 (7th Cir.), *cert. dismissed,* 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971); *see also Technitrol, Inc. v. McManus,* 405 F.2d 84, 87 (8th Cir.1968) (expressing doubt that this court has the authority to review a transfer order from a district court in another circuit), *cert. denied,* 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969).

■ Sixth, TEC argues that the district court erroneously allowed Wal–Mart to introduce into evidence a portion of the deposition of Calvin Kolva, TEC's controller. In particular, the court allowed Wal–Mart to read into evidence several questions asking Kolva whether he had received complaints about TEC's tiles from companies other than Wal–Mart. Kolva answered no to each of the questions. Assuming, *arguendo,* that the district court erred by allowing this portion of Kolva's deposition into evidence, we find that its error was harmless. Because Kolva answered that he had not received any complaints from these companies, the answers to the questions did not prejudice TEC. Nevertheless, TEC argues that the questions by themselves implied that such complaints existed. We find this argument unpersuasive. The court instructed the jury several times that statements and remarks by counsel were not evidence. More specifically, the court told the jury that if an attorney's question contains an assertion of fact, the jury should not consider the assertion as evidence of the fact. Additionally, the court instructed the jury that evidence of third-party complaints concerning TEC tile was not to be considered as to whether Wal–Mart breached the contract or committed fraud.

The district court's judgment is affirmed.