Carl **ESTWICK**, Appellant,

v.

**CITY OF OMAHA; Vincent Perez; Preston J. Sears; James N. Skinner, Chief of Police; John Doe, Supervising Field Sergeant, and others, Appellees.**

No. 93–1082.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Nov. 15, 1993.

Mary M. Elliston, Omaha, NE, argued (James E. Fellows, on the brief), for appellee.

Before McMILLIAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

WOLLMAN, Circuit Judge.

Carl Estwick appeals from the district court's[1] judgment entered upon a jury verdict against him in a civil rights action brought pursuant to 42 U.S.C. § 1983. We affirm.

## I.

On May 10, 1991, Omaha police officers Vincent Perez and Preston Sears responded to a disturbance call at a residence. When they arrived, Anika Patterson, Estwick's girlfriend, was on the front porch, and Estwick was seated on a motorcycle in the street in front of the residence. Perez approached Patterson, who informed him that Estwick was a drug dealer and had crack cocaine in his mouth. Perez then proceeded toward Estwick to investigate. The officers shined their flashlights on Estwick's face, and Perez asked Estwick what he had in his mouth. Estwick mumbled "nothing," and quickly turned away. Both officers thought they saw a white substance around Estwick's mouth, and Sears observed Estwick's tongue moving against his cheek as he turned away. When Perez asked Estwick to turn around and open his mouth, Estwick pushed him away and attempted to flee.

Each officer grasped one of Estwick's arms to prevent him from escaping, told Estwick that he was under arrest, and instructed him to place his hands behind his back. Estwick resisted, and Perez placed a hand on Estwick's throat to prevent him from swallowing, while Sears placed a hand on Estwick's face and ordered him to spit out what he had in his mouth. Estwick struggled free from Sears' grasp, spun around, and punched him. Perez then attempted to

Wesley S. Dodge, Omaha, NE, argued, for appellant.

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

restrain Estwick with a lateral vascular neck restraint.

Continuing to resist, Estwick bent forward, pulling Perez off the ground and onto his back. With Perez on his back, Estwick stumbled backwards and tumbled through a wooden fence. Estwick then stood up and again attempted to escape. Perez recovered quickly, however, and restrained Estwick. At that point, Sears realized that Estwick had his arm around Perez's waist, apparently reaching for his gun. Sears struck Estwick in the face with his hand. Because Perez and Estwick both staggered, Sears was able to intervene, taking Estwick to the ground in an attempt to control him.

Estwick ignored the officers' instruction to place his hands behind his back and continued to kick and punch the officers, occasionally breaking free and fleeing a short distance before the officers could again restrain him. After struggling with him for a time, the officers were able to subdue and handcuff Estwick. Other than his initial mumbled response to the officers' inquiry about what he had in his mouth, Estwick remained silent and refused to open his mouth.

After the officers handcuffed Estwick, Perez noticed a small piece of tinfoil on Estwick's cheek. Because crack cocaine is often wrapped in tinfoil, Perez field-tested the tinfoil for the presence of cocaine. The results were negative.

The officers transported Estwick to the hospital for treatment of a possible cocaine overdose and a black eye. At the hospital, Estwick was uncooperative and combative. Hospital personnel placed him in restraints and treated him for an accelerated heart rate and elevated blood pressure, symptoms consistent with cocaine ingestion. Hospital personnel found another piece of tinfoil near Estwick's mouth, but it also field-tested negative. To determine if Estwick had swallowed any tinfoil, hospital personnel took x-rays, which were also negative. Estwick continued to remain silent and refused to comply with requests that he open his mouth. When hospital personnel could not open Estwick's mouth using a plastic screw device, they used a tongue depressor to scrape the inside of his mouth. The screw device and

tongue depressor field-tested negative. Approximately four hours after arriving at the hospital, Estwick left against medical advice.

As a result of the incident, Estwick was convicted of resisting arrest and obstructing the administration of law. He then brought this action, alleging that the defendants had violated his rights under the Fourth and Fourteenth Amendments. The district court dismissed all defendants except Perez and Sears. The jury returned a verdict in favor of the officers, and the district court entered judgment dismissing the action.

## II.

Estwick challenges a number of rulings by the district court.

### A. Motion in Limine

■ Estwick argues that the district court erred by not granting his motion in limine to exclude "any direct or indirect reference to the probability that the plaintiff was involved in the sale of drugs or was violent." The admissibility of evidence is within the district court's discretion, and we will not overturn the district court's ruling absent a clear abuse of discretion. *See, e.g., Anderson v. United States,* 788 F.2d 517, 520 (8th Cir. 1986).

■ The district court admitted evidence that Patterson had told the officers that Estwick was a crack dealer and that she had seen him put a piece of tinfoil in his mouth. Although Estwick argues that the court should have excluded this evidence, he alleged in his complaint that Patterson had made such a statement. Additionally, the reasonableness of the officers' actions must be considered in light of their belief that Estwick had crack cocaine in his mouth at the time of the arrest. Accordingly, we find that the statement was properly admitted. *See Geitz v. Lindsey,* 893 F.2d 148, 151 (7th Cir.1990) (no abuse of discretion to admit evidence regarding section 1983 defendants' state of mind at time of arrest); *Nicholson v. Layton,* 747 F.2d 1225, 1227 (8th Cir.1984) (same).

The district court sustained Estwick's objections to certain questions regarding his propensity to violence, and Estwick made no objection to a question asking whether he had paid a fine as a result of having struck Anika Patterson on May 10, 1991. Thus, we find no reversible error on this issue.

## B. Motions for Judgment as a Matter of Law

■ Estwick argues that the district court erred in denying his motions for judgment as a matter of law. When ruling on a motion for judgment as a matter of law, the court must (1) consider the evidence in the light most favorable to the nonmoving party, (2) assume any conflicts in the evidence were resolved in favor of the nonmoving party, (3) assume as proved all facts the nonmoving party's evidence tended to prove, and (4) give the nonmoving party the benefit of all favorable inferences reasonably to be drawn from the evidence. *Ruwitch v. William Penn Life Assurance Co.,* 966 F.2d 1234, 1236 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 331, 121 L.Ed.2d 249 (1992). The court should grant the motion "only if no rational jury could find against the moving party on the evidence so viewed." *Glismann v. AT & T Technologies, Inc.,* 827 F.2d 262, 265 (8th Cir.1987) (quoting *Dace v. ACF Indus., Inc.,* 722 F.2d 374, 376 (8th Cir.1983)). We apply the same standard as the district court when reviewing the denial of a motion for judgment as a matter of law. *Kansas City Power & Light Co. v. Ford Motor Credit Co.,* 995 F.2d 1422, 1426 (8th Cir.1993).

■ Some witnesses testified that the officers had beaten Estwick, striking him repeatedly with their hands as well as with a flashlight or a billy club. The evidence viewed in the light most favorable to the officers, however, is not such that reasonable persons could only conclude that Estwick should prevail. The officers did not physically restrain Estwick until after he had refused to open his mouth, the officers had noticed a white substance around Estwick's mouth, and Estwick had pushed Perez away while attempting to flee. At that point, the officers told Estwick that he was under arrest and took steps to prevent him from swallowing

what he had in his mouth. Although Estwick resisted immediately, Perez did not apply a lateral vascular neck restraint until after Estwick had freed himself and punched Sears. Sears struck Estwick once with his hand, but only after Estwick had reached for Perez's gun. Moreover, an expert testified that the level of force the officers had used to arrest Estwick was consistent with their training as well as with the policies and procedures of the Omaha Police Department. Accordingly, we hold that the district court did not err in denying the motions.

## C. Verdict Form

■ Estwick argues that Verdict Form Number 1 was confusing and misleading because it indicated that the jury must either find both defendants liable or both defendants not liable. "When reviewing a challenge to a particular jury instruction, we determine whether the instructions, taken as a whole and viewed in light of the evidence and the applicable law, fairly and adequately submitted the issues in the case to the jury." *Herndon v. Armontrout,* 986 F.2d 1237, 1240 (8th Cir.1993). Although Verdict Form Number 1 did instruct the jury to complete it only if it found in favor of both defendants or against both defendants, Verdict Form Number 2 was provided for the jury to use if it found in favor of only one defendant. Taken together, the verdict forms fairly and adequately indicated to the jury that it could find one defendant liable without finding the other liable.

## D. Motion for New Trial

■ Estwick argues that the district court erred in denying his motion for a new trial because the verdict was against the weight of the evidence. We review the court's denial of the motion for abuse of discretion. *TEC Floor Corp. v. Wal–Mart Stores, Inc.,* 4 F.3d 599, 602 (8th Cir. 1, 1993) (citing *Morgan v. City of Marmaduke,* 958 F.2d 207, 210–11 (8th Cir.1992)). After closely examining the record, we find that there is ample evidence to support the jury's verdict. As we have noted, some testimony might have supported a verdict for Estwick. It is the jury's duty, however, not the district court's, to resolve

conflicting testimony. *Herndon,* 986 F.2d at 1240.

The judgment of the district court is affirmed.