_____

No. 95-1591
_____

Jerry Haynes,                         *
                                      *
          Appellee,                   *
                                      * Appeal from the United States
     v.                               * District Court for the
                                      * Eastern District of Arkansas.
Bee-Line Trucking Company;            *
Richard McCormick,                    *
                                      *
          Appellants.                 *


_____

          Submitted: November 16, 1995

            Filed: April 9, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and
     FAGG, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


     This is a diversity of citizenship action arising from a traffic
accident involving two tractor trailer trucks on Interstate 55 in eastern
Arkansas.  Plaintiff Jerry Haynes (of Arkansas) was driving a truck for
Ozark Truck Lines (of Tennessee).  Defendant Richard McCormick (of
Missouri) was driving a truck for co-defendant Bee-Line Trucking (also of
Missouri).  Haynes' truck (going about 66 or 67 miles per hour) came up
behind and struck the truck driven by McCormick (which was moving at only
20 to 30 miles per hour).

     Haynes was injured in the accident and sued both driver McCormick and
Bee-Line Trucking for damages on grounds that the McCormick/Bee-Line truck
was being negligently operated at below the posted minimum speed limit.
The suit was originally filed by

Haynes in Arkansas state court. Because there was complete diversity of citizenship between the plaintiff and defendants, the action was removed by the defendants to the United States District Court for the Eastern District of Arkansas. The case was tried to a federal jury sitting in Jonesboro, Arkansas, which returned a verdict in favor of plaintiff Haynes in the amount of $250,000.

Both at the end of plaintiff's case and at the close of the trial, defendants moved for judgment as a matter of law. The defendants also timely objected to certain jury instructions. Finally, after the verdict the defendants moved for a new trial or remittitur. All of these motions were overruled by the district court.[1]

Defendants McCormick and Bee-Line filed a timely notice of appeal from the judgment of the district court under 28 U.S.C. § 1291. Defendants raise three principal assertions of error: (1) the district court erred in denying defendants' motions for judgment as a matter of law because the plaintiff failed to prove defendants proximately caused plaintiff's injuries; (2) the district court erred in instructing the jury on Arkansas law regarding the applicable standards of care; and (3) the district court erred in denying defendants' motion for new trial or remittitur because the evidence did not support the amount of the jury's verdict.

Finding no reversible error in any of the rulings complained of, we affirm the judgment of the district court.

**Background**

The traffic accident in question occurred at approximately 6:15 p.m. on August 28, 1990, near Osceola, Arkansas. Defendant

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

McCormick testified that he was driving north on Interstate 55 when he began experiencing a problem with his truck. The truck lost power and would not go faster than 20-30 miles per hour. McCormick testified that he believed he was either running out of fuel or having a fuel filter problem.

McCormick said that he had been having the fuel problem for about 35 miles, but had decided to go on. He had decided not to pull off onto the shoulder, not to use his CB radio to call for help, not to stop at a rest stop, and not to exit at either of two highway exits he passed. McCormick testified that he was driving in the right hand lane with his emergency flashers on and trying to make it to the Blytheville, Arkansas, highway exit.

Plaintiff Haynes testified that he was also driving in the right hand lane travelling north on Interstate 55 behind another large tractor-trailer truck. The other truck suddenly switched from the right to the left lane and Haynes found himself coming up very quickly behind the slow-moving Bee-Line truck driven by McCormick. Haynes said that he tried to move to the left lane to avoid running into McCormick's truck but that he could not do so because there were two automobiles in the left lane next to him. Haynes also braked to try to stop before he hit the McCormick truck, but the distance was too short to bring his truck to a stop. The Haynes truck hit the McCormick/Bee-Line truck from behind and Haynes was injured.

Haynes' suit alleged that he was injured as a result of the negligence of McCormick in operating his truck at a speed which was below the posted minimum speed and too slow for conditions. Haynes alleged that Bee-Line was also liable for his injuries because McCormick's negligent actions occurred within the scope of his employment for Bee-Line. Defendants Bee-Line and McCormick defended on the theory that Haynes' injuries were proximately caused by his own negligence and not the negligence of McCormick.

**Motions for Judgment as a Matter of Law**

Defendants Bee-Line and McCormick first contend that they were entitled to judgment as a matter of law under Federal Rule of Civil Procedure 50. Rule 50 provides in relevant part:

> (a) **Judgment as a Matter of Law.**
>
> > (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law . . . .

We review de novo the denial of a motion for judgment as a matter of law, applying the same standard as the district court. Fox v. T-H Continental Limited Partnership, No. 95-2660 (8th Cir. 1996) (slip op. at 5-6). Defendants concede that under the applicable standard they have a heavy burden to bear:

> In ruling on a motion for [judgment as a matter of law], the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

TEC Floor Corp. v. Wal-Mart Stores, 4 F.3d 599, 601 (8th Cir.1993) (quoting Western Am., Inc. v. Aetna Casualty & Surety Co., 915 F.2d 1181, 1183 (8th Cir. 1990)).

Despite this heavy burden, Bee-Line and McCormick contend that they were entitled to judgment as a matter of law because there was no substantial evidence that the accident and resulting injuries occurred from McCormick driving below the minimum speed limit. They say that it is just as likely that the accident would have

occurred if McCormick was driving 45 miles per hour which is the authorized minimum speed. Defendants argue that the only way the jury could have found for the plaintiff on the proximate cause issue was by speculation and conjecture, because there was neither direct nor circumstantial evidence to support the verdict.

We agree with the district court that there was sufficient evidence of proximate cause to submit the issue to the jury and therefore defendants were not entitled to judgment as a matter of law. See TEC Floor Corp., 4 F.3d at 601-602. See also John Cheeseman Trucking, Inc. v. Dougan, 853 S.W.2d 278, 280-81 (Ark. 1993). Both Haynes and McCormick testified about the accident as did the state trooper who investigated the accident at the scene. There was plenty of evidence, both direct and circumstantial, that the reason for the accident was that McCormick stayed on the road even though he could only go about 20-30 miles per hour.

Accordingly, we hold that the district court did not err in failing to grant the defendants' motions for judgment as a matter of law.

**Jury Instructions**

Next the defendants make several challenges claiming that the district court's instructions to the jury were erroneous.

(a) Sudden Emergency Instruction

In instructing the jury, the district court gave the so-called sudden emergency instruction which relaxes the standard of care that a person (such as the plaintiff Haynes) is charged with when he finds himself in a sudden emergency situation:

> A person who is suddenly and unexpectedly confronted with danger to himself or others, not caused by his own negligence, is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care a reasonably careful person would use in the same situation. However, this rule applies in evaluating the actions of Mr. Haynes only if you find that the emergency situation was not

caused by any negligence on Mr. Haynes' part.

(Jury Instruction No. 14).

Bee-Line and McCormick contend that under Arkansas law the sudden emergency instruction should not have been given, if the emergency arose even in part from the negligence of Haynes himself. They argue that it was daylight, the road was dry, straight, and flat, and that therefore it must be true that Haynes would not have rear-ended McCormick's truck but for some negligence on his own part in failing to start braking in time.

We disagree. Upon our review of the record we believe that the district court was correct in concluding that the evidence could be taken to indicate Haynes had played no part at all in creating the danger, i.e., the McCormick/Bee-Line vehicle travelling very slowly on a busy interstate highway. Therefore, it was up to the jury to evaluate the reasonableness of Haynes' conduct under the relaxed standard of the sudden emergency instruction. This is exactly what Instruction No. 14 said.

We do not believe that the cases from the Arkansas Supreme Court cited by defendants require a different result. It is true that on the surface the Arkansas cases may seem to be in some disarray; however, we believe that carefully read the results in the cases can be reconciled based upon variations in the facts.

In Druckenmiller v. Cluff, 873 S.W.2d 526, 530-32 (Ark. 1994), the Arkansas Supreme Court reviewed a number of its decisions on the sudden emergency instruction and concluded that the instruction should not be given when "an emergency arises wholly or partially from the negligence of the person who seeks to invoke the sudden emergency doctrine." The court held on the facts of Druckenmiller that the trial court had properly refused to give the instruction because Mrs. Druckenmiller was herself partly responsible for the emergency. She had a clear view of a vehicle turning into the intersection in front of her and yet she failed to brake in time.

Similarly, the Arkansas Supreme Court ruled in Frisby v. Agerton Logging, Inc., No. 95-816 (Feb. 19, 1996) (slip op. at 6-8), that the sudden emergency instruction should not be given where there was evidence that the vehicles of both plaintiff and defendant were over the center line of the road when the accident occurred.

On the other hand, the Arkansas Supreme Court has upheld the giving of the sudden emergency instruction on facts similar to those of the case at hand. In Thomson v. Littlefield, 893 S.W.2d 788, 792-93 (Ark. 1995), Tritt came upon an accident involving three other cars. He tried to avoid the other vehicles but was unable to stop before hitting them. The plaintiffs argued that the trial court erred in giving the sudden emergency instruction on grounds similar to the arguments advanced by McCormick and Bee-Line here. They contended that Tritt must have been at least partially negligent in failing to maintain a proper lookout, failing to maintain proper control of his vehicle, and failing to stop in time. The Arkansas Supreme Court, however, rejected this contention:

> In the present case, Tritt in no way caused the danger with which he was confronted, but instead only became aware of the danger caused by another (or others), perceived the emergency and acted in accordance with the stress caused by the danger. The issue became one of fact as to whether Tritt used only the care that a reasonably careful person would use in the same situation, not whether he was entitled to [the sudden emergency instruction]. Tritt clearly was entitled to the sudden emergency instruction, since he did not create the emergency.

893 S.W. 2d at 792 (citations omitted).

Thus, the common rationale of the recent Arkansas cases appears to be that the instruction is appropriate where the requesting party played no role in creating the sudden emergency danger. In the present case, the sudden danger -- the very slow-moving vehicle appearing suddenly in the roadway -- was not created

by any action of plaintiff Haynes.  Accordingly, we hold that the district court did not err in giving the sudden emergency instruction on the facts of this case.

(b) <u>Instruction on Right to Assume Others will use Ordinary Care</u>

The district court instructed the jury as follows:

> Every person using ordinary care has a right to assume, until the contrary is, or reasonably should be apparent, that every other person will use ordinary care and obey the law.  To act on that assumption is not negligence.

(Jury Instruction No. 13).

Bee-Line and McCormick contend that, although this instruction is normally correct in highway accident cases, it was error for the court to give that instruction here, because it created an inference or presumption that Haynes was exercising ordinary care.  They argue that this instruction can only be given in a case where there is no dispute over whether a party was using ordinary care.  They further say that this instruction essentially left the jury no alternative but to assume that Haynes was not at fault and that McCormick and Bee-Line therefore must have been at fault.

We disagree.  As the district court stated, it is just as likely that the jury interpreted the instruction's reference to "every person using ordinary care" to apply equally to plaintiff Haynes and defendant McCormick, <u>i.e.</u>, if either was using ordinary care he was entitled to assume the other would also use such care.  Moreover, it appears that the defendants' argument may prove too much.  If their view were adopted the instruction could seldom be given, because in nearly every contested accident case the defendants contend that the plaintiff was also partly at fault.

We believe that the instruction correctly states Arkansas law and that the district court did not err in giving the instruction

on the facts of this case.  <u>See</u>, <u>e.g.</u>, <u>Purtle v. Shelton</u>, 474 S.W.2d 123, 126 (Ark. 1971); <u>Blythe v. Byrd</u>, 472 S.W.2d 717, 719 (Ark. 1971).

(c) <u>Instructions regarding the Violation of Statutes, Ordinances or Regulations</u>

Appellants next contend that the district court erred in giving two instructions which allowed the jury to consider that defendants' violation of a statute, ordinance, or regulation could be evidence of negligence.

First, the defendants attack the giving of Instruction No. 18 which said that violation of a statute or ordinance (here the statute providing a minimum speed limit of 45 and also a statute prohibiting impeding the normal flow of traffic) could be evidence of negligence:

> A violation of one or more of these statutes, although not necessarily negligence, is evidence of negligence to be considered by you along with all the other facts and circumstances in the case.

(Jury Instruction No. 18).

Second, the defendants attack the giving of Instruction No. 19 which said that the violation of a federal highway regulation prohibiting the operation of a vehicle in a manner likely to cause an accident or breakdown could be evidence of negligence:

> A violation of this regulation, although not necessarily negligence, is evidence of negligence to be considered by you along with all the other facts and circumstances in this case.

(Jury Instruction No. 19).

Defendants argue that both of these instructions created confusion for the jury and suggested that they were to apply

something other than the ordinary tort law standard of care.

We disagree.  Both of these instructions are modelled on Arkansas' Model Jury Instruction 903, which is a commonly accepted formulation of Arkansas law on evidence of negligence.  See, e.g., Russell v. Watkins, 678 S.W.2d 762, 765 (Ark. 1984).  We see nothing erroneous about giving either of these instructions which properly said that the jury could consider violations of statutes or regulations (if proved) as evidence of negligence.

Motion for a New Trial or Remittitur Based on the Excessiveness of the Verdict

The jury awarded Haynes $250,000 in compensatory damages.  Bee-Line and McCormick contend that Haynes only submitted evidence of a total of $26,000 in medical expenses and lost wages.  Thus, they contend that the award was nearly ten times greater than the evidence could support.

We review the denial of a motion for new trial or remittitur only for clear abuse of discretion.  Norton v. Caremark, Inc., 20 F.3d 330, 334, 340 (8th Cir. 1994).  The defendants have not satisfied that standard here. As Haynes notes, there was plenty of testimony about his continued pain and suffering and his loss of use of his leg from the accident.  Thus, the jury was entitled to include in its award Haynes' future pain and suffering and possible loss of future income in addition to the medical expenses and lost wages which had already occurred.

We believe that the district court properly left the amount of damages to the discretion of the jury based on the evidence and that the district court did not err in refusing a new trial or remittitur.

For the reasons stated above, the judgment of the district court is in all respects affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.